# Syllabi of Cases Decided Last Week

## No. 337

No. 18213—Victor E. Rehr, Receiver for the Warren Cartage and Coal Co., v. The Trumbull Lumber Co. Error to the Court of Appeals of Trumbull County.

1063. SALES—Price to be paid upon arrival of goods—Purchasers unloading not such a delivery as passes property before payment is made—Secs. 8398 and 8389 GC. construed—When transfer of property takes effect—Intention of parties, how ascertained.

MATTHIAS, J.

1. Where specific chattels are sold under a contract that the consideration named is to be paid in cash "upon arrival of these timbers" on the sidetrack at the purchaser's plant, and such timbers are there unloaded by the purchaser but not further appropriated to his use, there is no absolute or unconditional delivery thereof, and in the absence of waiver of payment the property does not pass until the price is paid. (Baltimore & Ohio Southwestern Ry. Co. v. Good et al, 82 Ohio St., 278, approved and followed.)

2. Under the provisions of Section 8398, General Code, when there is a contract to sell specific or ascertained goods the property in them is transferred to the buyer at such time as the parties to the contract intend it to be transferred, and by the clear terms of that section and Section 8399, General Code, the rule set forth in the latter section for ascertaining the intention of the parties has no application where "a different intention appears" from "the terms of the contract, the conduct of the parties, usages of trade, and the circumstances of the case."

Judgment affirmed.

Marshall, C. J., Robinson, Jones, Day and Allen, JJ., concur. Wanamaker, J., not participating.

# Weekly Abstract Of Pending Cases

The following statements were prepared by our editors from the recitals appearing in the papers filed in the Supreme Court, or they have been written and sent us by the attorney or attorneys bringing the case.

## No. 338

INDUSTRIAL COMMISSION v. DICE

No. 18390. Ohio Supreme Court

On motion to certify, docketed Feb. 16, 1923. 2 Abs. 147.

Error to Hamilton County Appeals

1283—WORKMEN'S COMPENSATION — Insurance in two States.

William L. Dice, some time in 1921, entered the employ of the L. Schreiber Sons Co. (structural iron and steel erecting) at Cincinnati. Dice worked there two days and was then transferred to a job at Charleston, W. Va. He continued to work at Charleston for about two months when he accidentally met his death in the course of his employment.

The Schreiber Company was insured under the Workmen's Compensation statute of West Virginia, covering all of its employes in that State.

It was also insured under the Ohio Compensation Act to cover all of its employes in Ohio.

The widow, May L. Dice, filed her claim for compensation with the State of West Virginia. An award was granted by West Virginia. Checks sent to cover funeral and doctor bills were received and accepted by the persons entitled to them. The check sent to Mrs. Dice was refused and returned by her. She then filed claim for compensation with the Industrial Commission of Ohio, who refused to grant compensation on the ground that they had no jurisdiction; the injury having occurred outside of the State under a contract of employment made in the State for service to be rendered outside of the State.

An appeal was filed by Mrs. Dice in the Common Pleas. The case was heard upon an agreed statement of facts; the jury having been waived, and the court reversed the decision of the Industrial Commission and granted an award to Mrs. Dice.

The Common Pleas Court was sustained by the Court of Appeals.

This effort is made by the commission to reverse the Court of Appeals.

Attorneys—Charles S. Bell, Pros. Atty., and Louis Schneider, Asst., for plaintiff, Cincinnati.